Smith, J.
■ The admitted or established facts in this case briefly stated are these — On March 18, 1892, James W. Sweney executed to Clara W. Sweney, bis mother, a chattel mortgage on one new Huber engine and other personal property, to secure a debt of $500, which was duly and legally filed March 23, 1892. About May 20, 1892, James W. Sweney agreed to purchase of The Huber Manufacturing Co., a separator, and at the same time agreed to execute and deliver to said company,upon its receipt, a chattel mortgage thereon, and also cm the Huber engine before mortgaged to Mrs. Sweney, and at the same time Sweney told the agent of the company with whom the contract was made, that his mother bad then a mortgage on the engine. The separator was duly delivered to Sweney, and on July 29, 1892, be gave his notes for the purchase price thereof ($450), and executed to the company bis chattel mortgage on both the engine and the separator to secure the payment of the notes. It is a question whether at the time tlie mortgage to the Huber company was given, anything was then said about Mrs. Sweney having a prior mortgage on the engine, but we understand the evidence to be that it was then mentioned. At all events, the agent said that at the time it was given, be knew that he was taking a second mortgage on the engine. This mortgage of the Huber company was duly filed September 13, 1892, and duly refiled August 16, *195 1893. Mrs. Sweney failed to refile her mortgage, and on May 17,1893, James W. Sweney executed to her another mortgage upon the engine and some other property to secure the same debt which had been secured by her first mortgage, lhis was -duly filed July 1, 1893, and on January 1, 1894, James W. Sweney made an assignment of all his property, including that so mortgaged, to Mr. Brandon, for the benefit of creditors, and the property was taken possession of by him, and sold, and the assignee filed in the probate court his petition or application asking the court to determine and find the rights and priorities of the parties to the proceeds of the sale of this, mortgaged property. The mortgagees set up their claims, and a^ finding was made by the probate court, and an appeal taken to the common pleas. The judgment there was in favor of Mrs Sweney, and the Huber company prosecuted this petition in error, claiming that on the evidence the judgment was erroneous; and that the motion for a new trial should have been granted.
It further appears from the papers in the case that the ■engine sold for $300, and that after applying on each mortgage the proceeds of the other mortgage property covered by it, Mrs. Sweeney’s claim and that of the Huber company, also, amounts to more than $300, so that if Mrs. Sweney’s mortgage has priority over that of the Huber company, it will consume all of the proceeds of the sale of the engine; and if the Huber company mortgage has priority, it will take the whole of the fund. So that in any event, as both the Huber company mortgage and the second mortgage of Mrs. Sweney are good as against the assignee and the creditors of Sweeney, the question for decision is, which of those two has priority as to the fund arising from the sale of the engine.
It is admitted on all hands, that by reason of the failure of Mrs. Sweney to refile her first mortgage, as required by law, it became absolutely void as against the assignee and *196 tbe general creditors of Sweney. If the Huber company took its mortgage on the engine, with actual notice of the prior mortgage of Mrs. Sweney thereon, (as is confessed it did), as between her mortgage and that of the Huber company, she was entitled to priority under the express holdings of the Supreme Court in 7th Ohio St. 198, and 14 Ohio St. 488, unless the fact that Sweney made an assignment for the benefit of his creditors, alters the rule. We cannot see why it should. In this case the creditors have not the slightest interest in the controversy — no part of the proceeds of the sale of the engine can in any event come to them, for there are two mortgages valid as to them, either of which will consume the fund in dispute. It is therefore a simple question of priority between the mortgagees, under the principles of law stated. The rule, we think, is stated in the closing part of the decision of the Supreme Court in the case of Day v. Munson, 14 Ohio St. 488, on page 493. We are of the opinion then that under her first mortgage, Mrs. Sweney has priority over the Huber company, and her last claim is good against the assignee and creditors. And this having been the judgment of the common pleas court, that judgment will be affirmed.